In re the **DEPARTMENT OF ENERGY STRIPPER WELL EXEMPTION LITIGATION.**

**MOBIL OIL CORPORATION, Plaintiff,**

v.

**The UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.**

**M.D.L. No. 378.**
**Civ. A. No. 78–1070.**

United States District Court,
D. Kansas.

Aug. 13, 1990.

See also, 743 F.Supp. 1467.

**MEMORANDUM AND ORDER**

THEIS, District Judge.

This matter is before the court on the motion of plaintiff-third party plaintiff Mobil Oil Corp. (Mobil) for an order withholding further disbursements to third party defendant State of Oklahoma by the Department of Energy (Doc. 1886). Mobil seeks an order requiring the Department of Energy (DOE) to take the following actions: (1) withhold further· disbursements to Oklahoma from any Alleged Crude Oil Violation funds (funds other than the M.D.L. 378 Escrow and the DOE/Amoco Stripper Fund) administered by DOE under § IV of the Final Settlement Agreement pending a final decision on Mobil's appeal to the Oklahoma Supreme Court of a decision of the Oklahoma Tax Commission; (2) direct DOE's Office of Hearings and Appeals to establish a separate sub-account for these funds; and (3) deposit disbursements otherwise due to Oklahoma, up to $1.5 million, into the sub-account where the funds shall continue to earn interest.

Mobil requests this order to prevent what it characterizes as Oklahoma's unjust enrichment. By an order dated August 31, 1989, the court directed Bank IV to withhold from distribution and maintain invested all M.D.L. 378 Escrow funds which Oklahoma otherwise would have received. Mobil argues that its request is a logical extension of the court's August 31, 1989 order.

Oklahoma has filed a response in opposition to Mobil's motion. The DOE is apparently taking no position in this matter. The court has considered the parties' arguments and is prepared to rule.

This particular dispute arises out of Mobil's third party complaint against the State of Oklahoma and the Oklahoma Tax Commission. Mobil alleged that Oklahoma refused to refund severance taxes paid on the incremental value of the stripper well oil

produced from properties subject to the court's injunction. Mobil sought declaratory relief against Oklahoma, as well as an order requiring Oklahoma to pay certain funds into the M.D.L. 378 Escrow. By memorandum and order dated June 12, 1990, the court granted the State of Oklahoma and the Oklahoma Tax Commission's motion to dismiss for lack of subject matter jurisdiction. That decision has been certified as a final judgment. Mobil is appealing this decision.

The court will not address Mobil's arguments that the Eleventh Amendment does not bar its action against Oklahoma. The court ruled that the Eleventh Amendment is a bar. That ruling is on appeal and this court lacks jurisdiction to discuss the issue.

Mobil argues that the court should order a halt to the distribution of funds to Oklahoma pending its appeal so as to preserve Mobil's remedy of an equitable offset if Mobil prevails on appeal. Mobil argues that the court has plenary jurisdiction over payments to be made from Final Settlement Agreement (FSA) funds.

The Final Settlement Agreement (FSA) did more than settle the issue of the disposition of the funds collected pursuant to this litigation. The FSA was entered into to settle issues in other proceedings, "both judicial and administrative, involving alleged violations of DOE's price and allocation controls applicable to crude oil (hereinafter Alleged Crude Oil Violations) including but not limited to: (1) the first sale and the resale of crude oil under 10 C.F.R. Part 212, Subparts D, F, and L and (2) the Domestic Crude Oil Allocation Program (hereinafter the Entitlements Program); ..." FSA p. 1. As a part of the settlement, DOE issued a modification of its Statement of Restitutionary Policy concerning Alleged Crude Oil Violations. FSA ¶ IV.B.1. As to funds (other than the M.D.L. 378 Escrow and the DOE/Amoco Stripper Fund) for which the victims of the Alleged Crude Oil Violations cannot be identified, DOE changed its policy to provide for payment of 50% of the funds to the United States and 50% of the funds to the States, in the same proportions applicable to the distribution of M.D.L. 378 Escrow funds. FSA ¶ IV.B.2.a. It is these funds,

controlled by DOE, that Mobil seeks to have withheld from Oklahoma.

The court shall deny the motion. Mobil states that it "is not asking the Court to order any payments to Mobil unless a final decision is issued by the Oklahoma Supreme Court *denying* the payment of the remaining interest due to Mobil for its conditional severance tax payments." Doc. 1887 at pp. 5–6 (emphasis added). If Mobil loses its appeal before the Oklahoma Supreme Court, it would not be entitled to the interest it seeks. If Mobil prevails on its Oklahoma appeal, the Oklahoma Supreme Court has the authority to order its Tax Commission to pay the interest Mobil seeks. If Mobil loses its federal appeal, this court will still lack jurisdiction over Oklahoma. If Mobil prevails in its federal appeal, this court will have jurisdiction to grant the relief sought by Mobil against Oklahoma, if Mobil is entitled to such relief. Only in this final situation could this court potentially enter a money judgment against the State of Oklahoma. The court believes that the withheld M.D.L. 378 Escrow funds (which are under the court's direct and immediate control) are adequate to protect Mobil in this situation. The court prefers not to interfere with the funds which are under DOE's control.

As the court has previously stated, in the dispute between Mobil and Oklahoma, the equities lie in Mobil's favor. The illegal severance taxes should be refunded. The DOE may choose to assist Mobil in this matter. However, the court chooses not to interfere with the agency's handling of its own affairs.

IT IS BY THE COURT THEREFORE ORDERED that Mobil's motion for an order withholding further disbursements to the State of Oklahoma by the DOE (Doc. 1886) is hereby denied.